IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FIVE STAR AUTOMATIC FIRE PROTECTION, LLC,**

   **Plaintiff,**

v.                                                                                                   No. 14-cv-0622 SMV/GBW

**NUCLEAR WASTE PARTNERSHIP, LLC, and
JERRY GOLDEN,**

   **Defendants.**

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiff on July 7, 2014. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file an amended complaint no later than August 11, 2014, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### I.  BACKGROUND

On July 7, 2014, Plaintiff filed its Complaint, asserting complete diversity between Plaintiff and Defendants and asserting that the amount in controversy exceeds $75,000. [Doc. 1]. at 1. In support of its claim of diversity of citizenship, Plaintiff impliedly asserts that it is a

citizen of Texas and that both Defendants are citizens of New Mexico. *Id.* In pertinent part, Plaintiff asserts:

> Plaintiff Five Star Automatic Fire Protection, LLC (Five Star) is a Texas limited liability company and a corporate citizen of Texas, having its principal place of business in El Paso County, Texas. Defendant Nuclear Waste Partnership, LLC (NWP) is a limited liability company and a corporate citizen of New Mexico, which may be served through its registered agent for service of process, CT Corporation System, 123 E. Marcy, Santa Fe, New Mexico 87501. Defendant Jerry Golden (Mr. Golden) is a citizen of New Mexico and an employee of NWP, and at all times relevant herein acted in its behalf in relation to Five Star. Mr. Golden may be served with process at 4021 National Parks Highway, Carlsbad, New Mexico 88221.

*Id.* However, Plaintiff makes no allegations about the citizenships of the members of Plaintiff Five Star Automatic Fire Protection, LLC, or of Defendant Nuclear Waste Partnership, LLC. *See id.*

## II.  LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in its complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908).

## III.  DISCUSSION

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). Determining the citizenship of a limited

2

liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of every state in which any of its members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, (1990) (the citizenship of business entities is determined by the citizenship of its members); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (citizenship of LLC is determined by citizenship of its members); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (same); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (same); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (same); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (same); *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (same); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (same); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (same); *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004) (same); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (same); *THI of N.M. at Vida Encantada, LLC v. Lovato*, 848 F. Supp. 2d 1309, 1317–18 (D.N.M. 2012) (same); *see also Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 925 F.2d 1519, 1522–23 (10th Cir. 1991) (remanding for district court to determine the citizenship of all of the members of the plaintiff partnership).

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of Plaintiff Five Star Automatic Fire Protection, LLC, or of Defendant Nuclear Waste Partnership, LLC, because they fail to allege the citizenships of its members.  Plaintiff may amend its Complaint to properly allege the citizenship of the members of these two companies.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall amend its Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **August 11, 2014**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **August 11, 2014**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**