IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FIVE STAR AUTOMATIC FIRE
PROTECTION, LLC,

    Plaintiff,

v.                                                              Civ. No. 14-622 JCH/GBW

NUCLEAR WASTE PARTNERSHIP, LLC, *et al.*,

    Defendants.

## ORDER GRANTING PROTECTIVE ORDER

THIS MATTER comes before the Court pursuant Defendants' Motion for Protective Order (*doc. 54*).  Having reviewed the motion and the briefing on the matter, the Court is fully informed.  *See docs. 56, 57*.  The motion will be granted.

Plaintiff Five Star has issued a Notice of Intent to Take Oral Deposition and Subpoena Duces Tecum to Defendant Golden.  *See doc. 54*, Ex. A.  In that notice, pursuant to Rule 34, Defendant Golden is to bring to the deposition the hard drive(s) from his Nuclear Waste Partnership, LLC computer(s), which he may have utilized in communicating with Five Star about the project at issue.  *Id*.

Pursuant to Rule 30, a "notice [of deposition] to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."  FED. R. CIV. P. 30(b)(2).  Rule 34 provides that a party may serve on

another party a request for "items in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). Items are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, or control of the items, or the legal right to obtain the items on demand. *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992).

Plaintiff's notice is directed at Defendant Golden. Thus, the question is whether the hard drives at his place of employment are within **his** actual possession, custody, or control, or whether **he** has the legal right to demand them. Even in an ordinary place of employment, one would not usually consider the information technology of the employer to be in the possession, custody or control of a typical employee. However, Defendant Golden's place of employment is not an ordinary one. He works at the Waste Isolation Pilot Plant (WIPP) site where transuranic radioactive waste is stored under a contract with the United States Department of Energy (DOE). Given the sensitivity of the work, employees are advised that the information technology they use in their work, and the bulk of information on it, is the property of DOE. *See doc. 54*, Ex. C ¶ 3.0 ("All software, systems and data provided to WIPPNet users, in the normal course of their employment, are licensed or owned by the U.S. DOE."); *id*. ¶ 6.7 ("All email files and content housed within WIPPNet email system are the property of U.S. DOE."); *id*. ¶ 9.0 ("Any devices, including computers, pagers, cell phones, PDAs, etc., issued by WIPPNet remain the property of the DOE."); *doc. 54*, Ex. D § H.41 ("All

information produced in support of this contract is deemed the property of the government. . . ."); *id*. § I.134 (with limited enumerated exceptions, "all records acquired or generated by the contractor in its performance of this contract shall be the property of the Government").  Under these circumstances, I find that the hard drives are not within his possession, custody, or control.  Therefore, a Rule 34 request for the hard drives directed at Defendant Golden is unenforceable.

Thus, Defendants' Motion for Protective Order (*doc. 54*) is GRANTED.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE