IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FIVE STAR AUTOMATIC FIRE
PROTECTION, LLC,

    Plaintiff,

v.                                                Civ. No. 14-622 JCH/GBW

NUCLEAR WASTE PARTNERSHIP, LLC, *et al.*,

    Defendants.

## ORDER

This matter is before the undersigned on Plaintiff's Motion for Pretrial Conference (*doc. 59*). Notwithstanding its title, the undersigned construes this motion as a motion for reconsideration of the Order Granting Protective Order (*doc. 58*). Having considered the motion for reconsideration and its briefing (*docs. 60, 65*), I find it not well taken and will DENY it.

Motions for reconsideration are not expressly provided for in the Federal Rules of Civil Procedure. *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 229 F.R.D. 232, 234 (D.N.M. 2005) (*citing Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)). However, the Rules do state that "any order . . . , however designated, that adjudicates fewer than all the claims [at issue] . . . may be revised at any time before the entry of judgment adjudicating all the claims [at issue]." Fed. R. Civ. P. 54(b). Plaintiff here requests reconsideration of the Order Granting Protective

1

Order (*doc. 58*). Because the order in question does not adjudicate all the claims at issue, it is properly treated as interlocutory (rather than final)[1] and is subject to revision by the court at any time. *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 212 Fed. App'x 760, 765 (10th Cir. 2007); *see also Hunt v. Green*, 376 F. Supp. 2d 1043, 1049 (D.N.M. 2005). Reconsideration of an interlocutory order is warranted when the court has made an error of fact or of law. *Todd v. Montoya*, 791 F. Supp. 2d 1060, 1062 (D.N.M. 2011) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Plaintiff's motion for reconsideration must be denied because it does not establish an error of fact or law. In requesting reconsideration, Plaintiff incorporates by reference the briefing on the Motion for Protective Order (*docs. 54, 56, 57*). *Doc. 59* at 2. Plaintiff first argues that Mr. Golden should be required to bring the hard drives to his deposition due to the non-sensitivity of the information and Defendants' refusal to produce electronically stored information. *Id.* Plaintiff also argues that Defendants waived their objections to the electronically stored information by offering a compromise which would allow Plaintiff to access the information on the hard drive during the deposition. *Doc. 59* at 2-3; *see also doc. 60* at 2-3. However, the protective order was granted on the basis that the notice of deposition was outside the scope of Rule 30 of the Federal Rules of Civil Procedure. *Doc. 58*. As the order explained, Plaintiff could not require the deponent to bring the hard drives to the deposition

---

[1] When a party moves for reconsideration of a final order, that motion is treated as a Rule 59(e) or 60(b) motion, depending on its timing. *See Computerized Thermal Imaging, Inc.*, 312 F.3d at 1296 n.3.

2

because they were not "within his possession, custody, or control." *Id.* at 3. Plaintiff's arguments do not convince the undersigned that the protective order was based on an error of fact or law.

Because Plaintiff has failed to demonstrate an error of fact or law in the Order Granting Protective Order, Plaintiff's Motion for Pretrial Conference (*doc. 59*), construed as a motion for reconsideration (*doc. 59*), is DENIED.

In their Response, pursuant to Federal Rules of Civil Procedure 26 and 37, Defendants seek an award of "reasonable attorney's fees incurred in obtaining [the] protective order and in responding to the instant motion seeking [its] reconsideration." *Doc. 60* at 5. Upon resolution of a motion for protective order, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* Fed. R. Civ. P. 26(c)(3) and 37(a)(5). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust." *Id*. The undersigned finds that Plaintiff's original opposition to the protective order was substantially justified. Having made that finding, it follows that Plaintiff's filing of objections to the protective order was also substantially justified. While the undersigned is unsure that the filing of the "motion to reconsider" which failed to point to any new facts or apparent errors of law was also substantially justified, the work done in response thereto closely mirrored

that done in response to the objections. Consequently, an award of expense for the "motion to reconsider" would be unjust. Therefore, Defendants' requests for fees will be DENIED.

Relatedly, the Court held a telephonic status conference on November 6, 2015, at which the parties agreed to address their ongoing discovery disputes through a meet and confer process. Should those efforts fail, Plaintiff shall file any motions to compel discovery no later than December 6, 2015.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE